# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALVAREZ, | CASE NO.   1:09-cv-02148-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| JAMES A. YATES, et al., | AMENDED COMPLAINT DUE SEPTEMBER 6, 2011 |
| Defendants. | |
| _____/ | |

## SCREENING ORDER

**I.     PROCEDURAL HISTORY**

On December 10, 2009, Plaintiff Carlos Alvarez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Plaintiff has consented to Magistrate jurisdiction. (ECF No. 6). Plaintiff's Complaint is before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

1 raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

2 relief may be granted, or that seek monetary relief from a defendant who is immune from

3 such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

4 thereof, that may have been paid, the court shall dismiss the case at any time if the court

5 determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

6 granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

7       Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,

8 or immunities secured by the Constitution and laws' of the United States."  Wilder v.

9 Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983

10 is not itself a source of substantive rights, but merely provides a method for vindicating

11 federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

12       To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that

13 a right secured by the Constitution or laws of the United States was violated and (2) that

14 the alleged violation was committed by a person acting under the color of state law.  See

15 West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245

16 (9th Cir. 1987).

17       A complaint must contain "a short and plain statement of the claim showing that the

18 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

19 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

20 mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

21 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set

22 forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

23 face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility

24 demands more than the mere possibility that a defendant committed misconduct and, while

25 factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

26 **III.**   **PLAINTIFF'S CLAIMS**

27       The Complaint identifies the following Corcoran State Prison officials as defendants

28 in this action: Doctor Neubarth, Family Nurse Practitioner Saipher, and Warden James A.

1   Yates.  Doctor Duenas and the entire medical staff at Pleasant Valley State Prison are also

2   named Defendants.  Plaintiff alleges the following in the body of the Complaint:

3          On September 30, 2005, Plaintiff slipped and injured himself as a result of

4   unsanitary and poor housing conditions at Chino State Prison.  (Compl. at 9, 10).  Plaintiff's

5   injuries were not addressed at Chino.  (Compl. at 10).  On October 12, 2005, Plaintiff was

6   transferred to Corcoran.  (Compl. at 12).

7          In February 2006, Plaintiff saw Defendant Neubarth for treatment of pain he was

8   experiencing from the Chino fall.  Defendant Neubarth ordered an MRI; it was  completed

9   on April 6, 2006.  (Compl. at 12).  On April 19, 2006, Defendant Neubarth advised Plaintiff

10   that a specialist was needed to treat Plainitff's knee.  (Id.)  Defendant Neubarth  prescribed

11   ibuprofen but did not otherwise treat Plaintiff.  (Compl. at 10).

12          Plaintiff is a Spanish speaker who does not communicate well in English.  (Id.)

13   Although no interpreter was requested, Plaintiff alleges that one should have been

14   provided during their April 19, 2006 appointment because Defendant Neubarth was aware

15   that he was not communicating well with Plaintiff.  (Id.)

16          At some point, Plaintiff encountered Defendant Saipher, who was informed of

17   Plaintiff's knee pain.  Defendant Saipher recommended that Plaintiff bring up his concerns

18   with the specialist during Plaintiff's scheduled appointment for back pain.  (Id.)  Plaintiff

19   alleges that Defendant Saipher should have issued a referral to the specialist specifically

20   for his knee.  (Id.)

21          As of the filing of his Complaint, Plaintiff alleged that he had not been treated further

22   and not been updated as to the progress of his treatment.  (Compl. at 12).  The only

23   specialist he has seen was "VIA-TELE-MEDICINE", and he never received medication that

24   specialist prescribed.  (Compl. at 10).  Plaintiff alleges that his pain is a serious medical

25   need and that the aforementioned conduct on the part of the Defendants constitutes

26   deliberate indifference towards that serious need.

27

28

1   Attached[1] to the Complaint are thirty-seven pages of prison appeal and medical
2   records.  These documents show:

3   Plaintiff has actually been treated several times since his April 19, 2006 appointment
4   with Defendant Neubarth.  He was seen by a specialist on September 13, 2006, but
5   declined recommended surgery.  Accordingly, the Specialist prescribed a knee brace and
6   Motrin.  (Compl. at 13 and 16).  On or about November 4, 2006, Plaintiff requested a
7   second MRI.  (Compl. at 27).  It was conducted on March 1, 2007.  (Compl. at 18).  The
8   records show that by July 31, 2007, officials at Corcoran were providing Plaintiff with
9   accommodations which included a cane, lower bunk, and a floor cell because of his pain.
10  (Compl. at 23, 24).  More accommodations followed in June and November of 2008.
11  (Compl. at 25 and 45).  Plaintiff again declined surgery on August 22, 2007 (Compl. at 17).
12  Eventually he was treated with lumbar epidural steroid injections.  (Compl. at 21, 22, 26,
13  31-33, 36, 42).  A copy of an appeal decision, dated June 12, 2007, indicates that a
14  Spanish speaking interpreter was present at Plaintiff's March 13, 2007 appointment with
15  Defendant Saipher.  (Compl. at 13).  As of March 12, 2009, Plaintiff was receiving no fewer
16  than five different medications.  (Compl. at 40).

17  The Court will address, below, Plaintiff's claim that Defendants were deliberately
18  indifferent to his serious medical need in violation of his Eighth Amendment rights.

19  **A.    Section 1983 Linkage Requirement**

20  Under § 1983, Plaintiff must demonstrate that each defendant personally
21  participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir.
22  2002).  This requires the presentation of factual allegations sufficient to state a plausible
23  claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962,
24  969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this
25  plausibility standard.  Id.

26

27  [1]  "[A] 'court may consider material that the plaintiff properly submitted as part of the complaint . . . .'"
28  Davis v. Calvin, 2008 WL 5869849, *2 (E.D. Cal. Oct. 1, 2008) (quoting Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

-4-

1    The statute clearly requires that there be an actual connection or link between the
2    actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.
3    See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials
4    may not be held liable for the actions of their subordinates under a theory of respondeat
5    superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under
6    a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing
7    that the official has violated the Constitution through his own individual actions. Id. at
8    1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each
9    named defendant with some affirmative act or omission that demonstrates a violation of
10   Plaintiff's federal rights.

11   Aside from naming them as Defendants, the Complaint makes no mention of
12   Warden Yates, Doctor Duenas, or any of the medical staff at Pleasant Valley State Prison.
13   Plaintiff alleges no facts to illustrate how these named Defendants might be connected to
14   the alleged violations. A defendant in a § 1983 action must be linked to the alleged
15   violation with some affirmative act or omission.

16   The Court will grant Plaintiff leave to amend his complaint in this regard. In order
17   to state a claim against these Defendants, Plaintiff needs to set forth sufficient truthful facts
18   showing that each personally took some action that violated his constitutional rights. The
19   mere fact that they may have supervised the individuals responsible for a violation is not
20   enough. If Plaintiff is unable truthfully to set forth such facts, he should not attempt to
21   pursue his claim against such Defendants.

22   **B.    Inadequate Medical Care**

23   Plaintiff claims that he received inadequate medical care in violation of the Eighth
24   Amendment. "[T]o maintain an Eighth Amendment claim based on prison medical
25   treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett
26   v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97,
27   106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1)
28   "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could

1  result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2)

2  "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096

3  (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other

4  grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal

5  quotations omitted)).

6      Deliberate indifference is shown by "a purposeful act or failure to respond to a

7  prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439

8  F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of

9  the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the

10 named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . .

11 . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

12     Plaintiff was diagnosed with knee and back injuries. An MRI and an orthopedic

13 specialist determined that the knee injury warranted surgical treatment. Another physician

14 actually treated Plaintiff's back injury with an invasive outpatient procedure. The Court

15 finds Plaintiff's injuries to be a serious medical condition that satisfies the first element of

16 his Eighth Amendment claim. See McGuckin, 974 F.2d at 1059-60 ("The existence of an

17 injury that a reasonable doctor or patient would find important and worthy of comment or

18 treatment; the presence of a medical condition that significantly affects an individual's daily

19 activities; or the existence of chronic and substantial pain are examples of indications that

20 a prisoner has a 'serious' need for medical treatment.")

21     Plaintiff has failed to satisfy the second prong of the Eighth Amendment analysis.

22 To establish an Eighth Amendment claim based on inadequate or non-existent medical

23 care, Plaintiff must allege that the Defendants exhibited deliberate indifference to his

24 serious medical need. The Complaint attempts to establish deliberate indifference based

25 on the following allegations: that (1) Plaintiff has not received medical care since April 19,

26 2006; (2) Defendant Neubarth's treatment of ibuprofen was inadequate; (3) Defendant

27 Neubarth did not provide an interpreter; and (4) that Defendant Saipher should have

28 directly referred Plaintiff to a specialist.

1   The records attached to the Complaint clearly contradict the allegation that Plaintiff
2   has gone without medical care since his appointment with Defendant Neubarth on April 19,
3   2006.[2] Plaintiff has seen an orthopedic specialist and has denied surgical treatment twice,
4   an MRI and an invasive outpatient procedure were conducted, prescriptions have been
5   ordered and filled, and Corcoran officials have made efforts to accommodate Plaintiff's
6   injuries.  Based on the fact that Plaintiff's medical records refute his contention that he
7   went without medical care after April 19, 2006, the Court will not grant Plaintiff leave to
8   amend this claim.

9   Plaintiff also fails to establish deliberate indifference based on Defendant Neubarth's
10  prescribing ibuprofen as pain relief.  To state a claim based on the course of treatment
11  provided, Plaintiff "must show that the course of treatment the doctors chose was medically
12  unacceptable under the circumstances, . . . and the plaintiff must show that they chose this
13  course in conscious disregard of an excessive risk to plaintiff's health."  Jackson v.
14  McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  Plaintiff's Complaint fails to satisfy either of
15  these requirements.  The Court will grant Plaintiff leave to amend this claim.  In order to
16  state a claim based on the course of treatment selected, Plaintiff must allege that the
17  Defendant chose a medically unacceptable course of treatment in conscious disregard of
18  an excessive risk to Plaintiff's health.

19  The Complaint alleges that Defendant Neubarth's failure to have an interpreter
20  present at the April 19, 2006, appointment violated the Plaintiff's Eighth Amendment rights.
21  There are no facts to indicate that Defendant Neubarth was aware of the risk that the
22  Plaintiff could not effectively communicate during the April 19, 2006, appointment.  It is
23  unclear whether Plaintiff requested an interpreter.  The Complaint states "Doctor Neubarth

24
25  [2] The Court need not accept as true allegations in the Complaint that are contradicted by exhibits
attached to the Complaint.  See, e.g., Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009) (holding
that "'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits
26  govern.'") (quoting Griffin Industries, Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007)); United States ex
rel. Riley v. St. Luke's Episcopal Hosp., 355 F.3d 750, 754 (5th Cir. 2004) (holding that the contents of
27  exhibit attached to pleading trumps inconsistent allegations in that pleading); Thompson v. Ill. Dep't of
Prof'l Regulation, 300 F.3d 750, 754 (7th Cir. 2002); KKK Architects, Inc. v. Diamond Ridge Dev. LLC,
28  2008 WL 637602, *3 (C.D. Cal. Mar. 3, 2008) (citing Thompson).

1  was aware that 'I Spoke SPANISH', understood very little ENGLISH & that 'OUR
2  COMMUNICATION WAS POOR'; at this point an 'Interpreter should have been introduced
3  without me having to request one.'"  These allegations at most suggest a claim that
4  Defendant Neubarth should have known that an interpreter was necessary.  The
5  supporting factual allegations are insufficient to meet the pleading standard.  Plaintiff must
6  provide enough factual allegations to make the claim plausible.  While it is possible
7  Defendant Neubarth knew or should have known of a risk that Plaintiff did not understand
8  him, the allegations and prison records reflect that the Defendant understood Plaintiff well
9  and prescribed surgery for him and that Plaintiff later, after consulting with a specialist,
10 declined that surgery.  Given those facts, Plaintiff's claim is not sufficiently plausible to
11 satisfy  the pleading standard.  See McAllister v. Gunja, 2010 WL 2773085, *6 (E.D. Cal.
12 July 13, 2010) ("It is clear under Iqbal that the rules for pleading are not so lenient as to
13 allow Plaintiff to proceed on his claim without pleading additional facts that pushes his
14 claims across the line between possibility and plausibility of entitlement to relief.").  The
15 Court will grant Plaintiff leave to amend.  In order to state a claim, Plaintiff must plead
16 additional truthful facts demonstrating that Plaintiff's alleged need for an interpreter was
17 a serious medical need and that the Defendant consciously disregarded that need.

18      Finally, the Court cannot discern how Defendant Saipher's alleged conduct could
19 be found to  amount to a constitutional violation.  There are no facts to indicate that Plaintiff
20 was put at risk by being directed to ask a specialist about his knee during a back
21 appointment rather than at a separate appointment.  In fact, it seems likely that asking the
22 specialist about a related injury during an already-scheduled appointment would result in
23 Plaintiff being seen sooner than if he had to schedule a new and different appointment.
24 There is also no indication that Defendant Saipher was authorized to make such referrals.
25 Relying on the few facts plead by Plaintiff against Defendant Saipher, the Court does not
26 recognize a cognizable Eighth Amendment claim.  The Court will grant Plaintiff leave to
27 amend.  In order to state a claim against Defendant Saipher, it must be alleged that the
28 Defendant consciously disregarded an excessive risk to Plaintiff's health.

1  **IV.    CONCLUSION AND ORDER**

2          Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court

3  will grant Plaintiff an opportunity to file an amended complaint.  <u>Noll v. Carlson</u>, 809 F.2d

4  1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the

5  alleged acts resulted in a deprivation of his constitutional rights.  <u>Iqbal</u>, 129 S.Ct. at 1948-

6  49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible

7  on its face.'"  <u>Id.</u> at 1949 (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 555 (2007)).  Plaintiff must also

8  demonstrate that each named Defendant personally participated in a deprivation of his

9  rights.  <u>Jones</u>, 297 F.3d at 934.

10         Plaintiff should note that although he has been given the opportunity to amend, it

11  is not for the purposes of adding new claims.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir.

12  2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing

13  the deficiencies set forth above.

14         Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

15  be complete in itself without reference to any prior pleading.   As a general rule, an

16  amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55,

17  57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer

18  serves any function in the case.  Therefore, in an amended complaint, as in an original

19  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

20  The amended complaint should be clearly and boldly titled "First Amended Complaint,"

21  refer to the appropriate case number, and be an original signed under penalty of perjury.

22  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as

23  true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

24  speculative level . . . ."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

25         Accordingly, it is HEREBY RECOMMENDED that:

26         1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form

27  and (2) a copy of his Complaint, filed December 10, 2009;

28         2.     Plaintiff's complaint is dismissed for failure to state a claim upon which relief

1   may be granted;

2        3.     Plaintiff shall file an amended complaint by **September 6, 2011**; and

3        4.     If Plaintiff fails to file an amended complaint in compliance with this order, this

4   action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

5

6

7

8

9   IT IS SO ORDERED.

10  Dated:     July 29, 2011          /s/ *Michael J. Seng*
    ci4d6                          UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28