# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALVAREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES A. YATES, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO.   1:09-cv-02148-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 9)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On December 10, 2009, Plaintiff Carlos Alvarez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 6.)

The original complaint was screened and dismissed, with leave to amend, on July 29, 2011.  (ECF No. 8.)  Plaintiff's First Amended Complaint, filed September 6, 2011, is now before the Court for screening. (ECF No. 9.)

1

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF COMPLAINT

The First Amended Complaint alleges the following named defendants violated Plaintiff's Eighth Amendment rights: (1) the medical staff of Chino State Prison ("Chino"); (2) the medical staff of Corcoran State Prison ("Corcoran"); (3) Dr. Neubarth, Corcoran; and (4) the State of California.

Plaintiff alleges the following:

Plaintiff injured his knee and back at Chino on September 30, 2005. (Compl. at 6.)

He was transferred to Corcoran twelve days later. (Id. at 5.) Chino staff was aware of Plaintiff's injuries because an incident report "must have been" filed. (Id. at 4.) Plaintiff did not receive medical treatment at Chino for his injuries during the twelve days he was there before his transfer to Corcoran. (Id.) "At Corcoran [Plaintiff] was assigned to a upper bunk . . . without concern of how [Plaintiff could] climb without hurting his knee and back." (Id. at 6.) Plaintiff saw Dr. Neubarth in February of 2006. Dr. Neubarth was the first doctor to see Plaintiff after his injury; he provided no treatment. (Id. at 5.) Plaintiff began receiving appropriate medical care for his knee on April 19, 2006 and for his back on November 19, 2008. (Id. at 6.) He currently walks with a cane and a knee brace and has yet to undergo surgery. (Id.)

## IV.   ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant

committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### A. Section 1983 Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The First Amended Complaint alleges that the medical staffs of Chino and Corcoran violated Plaintiff's Eighth Amendment rights. With the exception of Dr. Neubarth, Plaintiff has not identified the individual state actors who allegedly violated his constitutional rights. It is not sufficient to identify a group defendant, instead, Plaintiff must name each individual

4

staff member who he believes acted with deliberate indifference to his medical needs. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). The previous Screening Order informed Plaintiff that claims must be made against individual actors rather than a group. Plaintiff will be given one **final** opportunity to amend his claim. In order to state a claim against medical staff members from Chino or Corcoran, Plaintiff must identify each involved Defendant by name or as John Doe[1] and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. Id.

### B.    Eleventh Amendment Immunity

Plaintiff named the State of California as a Defendant. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., amend. XI. "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985).

The Ninth Circuit Court of Appeals has recognized that "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate

---

[1] Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, Plaintiff is cautioned that using "John Doe" defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Plaintiff must promptly take steps to discover the name of the unnamed defendant and provide that information to the Court in an amendment to his pleading. The burden remains on the Plaintiff and the Court will not undertake to investigate the name and identity of the unnamed defendants.

a State's Eleventh Amendment immunity." Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999) (citations and quotation marks omitted).  As a result, Plaintiff's Eighth Amendment claim against the State of California is barred by the State's immunity from suit.

### C.     Inadequate Medical Care

Plaintiff claims that he received inadequate medical care in violation of the Eighth Amendment.  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  The complete denial of medical attention may constitute deliberate indifference. Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000).  Where delay is alleged, however, the prisoner must also

demonstrate that the delay led to further injury. McGuckin, 974 F.2d at 1060.  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).'[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.'" Turner v. Greenman, 2011 WL 1343120, *3 (E.D. Cal. Apr. 7, 2011) (quoting Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.  The Ninth Circuit has held that mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). To state an Eighth Amendment claim in this case, Plaintiff must show that the "course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course of treatment in conscious disregard of an excessive risk to [Plaintiff's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff injured his knee and back and as a result suffered limited mobility, pain, and suffering.  He was eventually treated by a specialist and presently requires a cane and knee brace.  The Court finds Plaintiff's injuries to be a serious medical condition of a sort that satisfies the first element of his Eighth Amendment claim.  See McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that

significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")

The First Amended Complaint identifies four instances of deliberate indifference on the part of the Defendants: (1) Chino medical staff denied Plaintiff medical care for twelve days; (2) Plaintiff went without knee treatment for approximately six months after arriving at Corcoran; (3) Plaintiff was assigned a top bunk at Corcoran in spite of his injury; and (4) Plaintiff's back pain went untreated for more than three years.

As noted, the medical staff at Chino and Corcoran and the State of California are not properly identified Defendants. Dr. Neubarth is the only named Defendant. There are no facts that connect Dr. Neubarth to any of the alleged instances of deliberate indifference. Plaintiff says that Dr. Neubarth saw the Plaintiff, but did not provide treatment. This conclusion does not attribute any measurable length of delay to Dr. Neubarth. There is no allegation sufficient to support the conclusion that Dr. Neubarth was aware of Plaintiff's serious medical condition and disregarded an excessive risk to Plaintiff's health by delaying treatment. Plaintiff does not state a cognizable Eighth Amendment claim.

The wording of the First Amended Complaint suggests that it was intended to be an addendum to Plainitff's original Complaint rather than an entirely new pleading. If so, Plaintiff misunderstood the Court's Screening Order. Plaintiff was informed that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. Plaintiff may be able to state a cognizable claim, but the Court will not assemble multiple pleadings in order to find it. Should Plaintiff choose to amend, the Court urges

Plaintiff to reconsider its instructions and statement of applicable law provided in this Screening Order.

## V.  CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff one final opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). **Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.** The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed

9

under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY RECOMMENDED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his First Amended Complaint, filed September 6, 2011;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   September 27, 2011         /s/ *Michael J. Seng*
ci4d6                               UNITED STATES MAGISTRATE JUDGE