UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ALVAREZ,<br><br>                    Plaintiff,<br><br>    v.<br><br>JAMES YATES, et al.<br><br>                    Defendants.<br>_____/ | CASE NO. 1:09-cv-2148--MJS (PC)<br><br>ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 10 & 12)<br><br>PLAINTIFF MUST FILE AMENDED COMPLAINT BY FEBRUARY 27, 2012 |

Plaintiff Carlos Alvarez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the Magistrate Judge handling all matters in this action. (ECF No. 6.)

Plaintiff initiated this action on December 10, 2009. (ECF No. 1.) The Court screened Plaintiff's Complaint on September 28, 2011, found that it failed to state a cognizable claim, and gave Plaintiff leave to file an amended complaint. (ECF No. 10.) After the Court granted Plaintiff's an extension of time, his amended complain was due by January 3, 2012. (ECF No. 12.) The January 3, 2012 deadline has passed, and Plaintiff has not filed an amended complaint or a new request for an extension.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent

-1-

power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

Plaintiff has not responded to the Court's December 1, 2011 Order, even though the January 3, 2012 deadline contained in the Order has passed. (ECF No. 12.) Accordingly, Plaintiff shall file an amended complaint no later than **February 27, 2012,** or show cause as to why his case should not be dismissed for failure to comply with a Court order and failure to state a claim. Plaintiff is hereby on notice that failure to meet this deadline will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   January 21, 2012            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE