# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

CARLOS ALVAREZ,                          CASE NO.    1:09-cv-02148-MJS (PC)

        Plaintiff,                 ORDER DISMISSING PLAINTIFF'S SECOND
                                         AMENDED COMPLAINT FOR FAILURE TO
    v.                             STATE A COGNIZABLE CLAIM

JAMES A. YATES, et al.,                   (ECF No. 18)

        Defendants.                CLERK SHALL CLOSE THE CASE

_____/

## **SCREENING ORDER**

### I.    **PROCEDURAL HISTORY**

On December 10, 2009, Plaintiff Carlos Alvarez, a state prisoner proceeding pro se
and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No.
1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 6.)

Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 9) were
screened and dismissed, with leave to amend, on July 29, 2011 and September 28, 2011,
respectively, for failure to state a cognizable claim. (ECF Nos. 8, 10.) Plaintiff's Second

1

Amended Complaint (ECF No. 18) is now before the Court for screening.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF SECOND AMENDED COMPLAINT

The Second Amended Complaint alleges that Correctional Officers John Doe #1, John Doe #2, and Jackson violated Plaintiff's Eighth Amendment rights.

Plaintiff alleges the following:

On September 30, 2005, the gym where Plaintiff was housed at Chino State Prison (Chino) was flooded with water, urine, and feces. Instead of reassigning Plaintiff to a

2

housing unit not flooded, John Doe #1 instructed Plaintiff to cross the flooded area by stepping on mattresses.  As he was walking across the mattresses, Plaintiff slipped, fell, and injured his knee, shoulder, arm, and back.  (Compl. at 3.)  The following day Plaintiff told Doe #2 that he was injured and needed medical attention.  Doe #2 left to retrieve an interpreter but did not return.  (Id. at 3, 4.)  On October 2, 2011, Plaintiff asked Defendant Jackson if he was going to be examined by a medical staff member.  Instead of escorting Plaintiff to the infirmary immediately, Defendant Jackson said that the medical staff would call Plaintiff.  (Id. at 4.)

Plaintiff was transferred to Corcoran State Prison (Corcoran) on October 19, 2005, without having received treatment at Chino for his injuries.  Plaintiff was eventually seen four months later at Corcoran during a routine examination.  The Defendants' deliberate indifference caused Plaintiff to suffer limited mobility and pain.  (Id.)

**IV.    ANALYSIS**

**A.    Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

3

(2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

The Second Amended Complaint alleges that all Defendants exhibited deliberate indifference to Plaintiff's needs.  However, as to Doe #1, Plaintiff alleges only that he instructed Plaintiff to cross the flooded area by stepping on mattresses.  Such facts do not involve the denial of medical care.  Thus, Plaintiff's claim against Doe #1 will be analyzed as a condition of confinement claim.  The factual allegations connect Defendants Doe #2 and Jackson to the denial of medical care claim and will be so analyzed.

**B.** **Conditions of Confinement**

1.   Eighth Amendment Standard

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d

4

807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

### 2.   Serious Deprivation

Plaintiff alleges that the area where he was being housed at Chino had flooded with water, urine, and feces.  Rather than transfer Plaintiff to a dry housing unit, Defendant Doe #1 allegedly instructed Plaintiff to cross the flooded gym by stepping on mattresses laid out on the floor. Plaintiff slipped and fell as he complied with Doe #1's instructions.

A housing area flooded with water, urine, and feces may amount to a serious deprivation.  See Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) ("Unquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.") However, the circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). In this case Plaintiff has not provided enough information as to the circumstances and duration of the flooded conditions to enable the Court to determine whether Plaintiff has identified a sufficiently serious deprivation.  Regardless,  Plaintiff's inability, discussed below, to attribute to Doe # 1 deliberate indifference regarding the conditions of confinement leave that claim non-cognizable.

### 3.   Deliberate Indifference

Plaintiff has failed to allege that Doe #1 acted with deliberate indifference.

A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of

harm and disregards that risk by failing to take reasonable measures to abate it.  Farmer, 511 U.S. at 837-45.  Implicit in the factual allegations is the assertion that Defendant Doe #1 was aware of the risk of harm, however serious, caused by the flood.  However, Doe # 1 did not disregard the risk; he took measures to abate the risk by directing Plaintiff to use the mattresses as a means of avoiding the flood water.  Plaintiff does not allege any facts suggesting that Doe #1's actions were unreasonable under the circumstances.  There are no facts to indicate that transferring Plaintiff to another housing area, or any other potential alternative, was safe, feasible, or within Doe #1's power.

Plaintiff has failed to state a cognizable Eighth Amendment claim against Defendant John Doe #1.  The Court has twice before given Plaintiff the applicable legal standard; Plaintiff appears to be unable to allege the factual allegations necessary to state a claim. Plaintiff's claim against Defendant John Doe #1 is dismissed with prejudice.

### C.   Inadequate Medical Care

#### 1.   Introduction

Plaintiff alleges that Defendants Doe #2 and Jackson denied him adequate medical care in violation of the Eighth Amendment.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting

McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ."  Farmer, 511 U.S. at 837.

2.   Serious Medical Need

Plaintiff allegedly slipped and injured his knee, shoulder, arm, and back and was left with limited mobility and severe pain and suffering.  The amended complaint alleges that Plaintiff told Doe #2 that he "was in pain and needed immediate medical attention." (Compl. at 3.)  Giving Plaintiff and his pleading the benefit of a liberal reading,  the Court can find sufficient allegations to suggest the possibility of a serious medical condition satisfying the first element of Plaintiff's Eighth Amendment claim.  See McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.")  However, as discussed below, the second prerequisite to such a claim is absent in this case.

3.   Deliberate Indifference

a.   John Doe #2

The Second Amended Complaint contains a single allegation regarding Defendant John Doe #2: that Plaintiff approached Doe #2 the day after his injury and stated that he "had sustained injuries was in pain and needed immediate medical attention. Officer Doe #2 said he would return with an interpreter and was not seen again." (Comp. at 3, 4.)

Deliberate indifference can be manifested by prison guards intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Estelle, 429 U.S. at 104-05. However, the sole allegation against Doe #2 does not satisfy the deliberate indifference element of Plaintiff's Eighth Amendment claim. Plaintiff does not allege that the Defendant was actually aware of Plaintiff's serious medical need. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

There is nothing in Plaintiff's allegations to suggest that Doe #2 actually understood Plaintiff; Doe #2 may have been seeking an interpreter to enable communication between Doe #2 and Plaintiff. Given the apparently fleeting contact between the two and Plaintiff's failure to have alleged missing elements after having been given leave to amend, no useful purpose would be served by giving further leave to amend.

        b.    Jackson

On October 2, 2005, Plaintiff allegedly asked Defendant Jackson if medical staff

8

was going to examine him.  Jackson responded by stating that medical personnel would call Plaintiff.  Plaintiff asserts that Jackson's failure to escort Plaintiff to the medical clinic immediately amounted to deliberate indifference.  (Compl. at 4.)

Although plaintiff may feel that Jackson should have done more, nothing in the amended complaint suggests Jackson disregarded Plaintiff's serious medical needs. Rather it appears from the pleading that Jackson responded to Plaintiff's question and believed that medical treatment would be forthcoming.  Plaintiff does not allege that his condition required a different or more immediate response or that Jackson had it in his power to do more.  Plaintiff has failed to state a cognizable claim against Defendant Jackson.

The Court's previous screening orders provided Plaintiff with the legal standard for alleging deliberate indifference.  Plaintiff has been unable on three attempts now to allege facts meeting that standard.  Further leave to amend would not be productive.

## V.   CONCLUSION AND ORDER

For the reasons stated above, the Court finds that Plaintiff's Second Amended Complaint fails to state a claim upon which relief may be granted and that leave to amend would be futile.  See Noll v. Carson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  For the reason stated above, Plaintiff's Second Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.  The Clerk shall close the case.


IT IS SO ORDERED.

Dated:  ___April 23, 2012___          ___/s/ *Michael J. Seng*___
                                      UNITED STATES MAGISTRATE JUDGE

9